# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50234 | **DATE** | 8/31/2010 |
| **CASE TITLE** | U.S.A. vs. Ricardo Gallardo | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the § 2255 motion and dismisses this cause in its entirety.

*[signature: Philip G. Reinhard]*

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT - OPINION

    Ricardo Gallardo, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence. The motion raises the following trial court errors: (1) the calculation of the amount of drugs attributable to him for sentencing purposes; and (2) the barring of expert testimony related to the alleged drug use by certain government witnesses. He further maintains that the evidence was insufficient to prove him guilty beyond a reasonable doubt of the conspiracy charge. The motion further raises the following claims of ineffective assistance of trial counsel: (1) the failure to raise a Speedy Trial Act violation; (2) the failure to move to suppress evidence obtained via a wiretap; (3) the failure to object to certain jury instructions and to seek other instructions; and (4) the failure to object to the court's determination of his sentencing range. The government filed a response, and Gallardo has not failed any reply.[1]

    Trial Court Errors and Sufficiency of the Evidence

    The first two claims, that the court erred in calculating the drug amount and that it improperly barred Gallardo from presenting expert evidence regarding the drug use of certain government witnesses, are barred because they were raised and denied in his direct appeal (see United States v. Gallardo, 497 F. 3d 727 (7th Cir. 2007). See White v. United States, 371 F. 3d 900, 902 (7th Cir. 2004).

    The claim that the evidence was insufficient to prove him guilty of a conspiracy was not raised on direct appeal, and he has not argued that there is good cause for and actual prejudice resulting from the failure to raise that issue. See Mankarious v. United States, 282 F. 3d 940, 943 (7th Cir. 2002). Even if the court were to consider this claim it would be denied. In challenging the sufficiency of the evidence, Gallardo bears a heavy, nearly insurmountable, burden. See United States v. Warren, 593 F. 3d 540, 546 (7th Cir. 2010). He must convince the court that even after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found him guilty beyond a reasonable doubt. Warren, 593 F. 3d at 546. Such a challenge leads to a reversal only if the record is devoid of evidence from which a reasonable jury could

find guilt beyond a reasonable doubt. Warren, 593 F. 3d at 546.

The record in this case is nowhere near being devoid of evidence related to Gallardo's involvement in the charged conspiracy. To the contrary, the record is replete with evidence that Gallardo conspired with others to distribute large amounts of drugs over an extensive period of time. A challenge to the sufficiency of the evidence would clearly fail.

Ineffective Assistance of Trial Counsel

In order to establish ineffective assistance of counsel, a petitioner must establish that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) he suffered resulting prejudice. Gentry v. Sevier, 597 F. 3d 838, 851 (7th Cir. 2010). Regarding performance, a petitioner must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Gentry, 597 F. 3d at 851. In order to establish sufficient prejudice resulting from counsel's defective performance, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Gentry, 597 F. 3d at 851. When a claim of ineffectiveness is based on counsel's failure to present a motion to suppress evidence, a petitioner must prove the motion would have been meritorious to establish the necessary prejudice. Gentry, 597 F. 3d at 851.

Gallardo's first claim is that his trial counsel was ineffective for failing to raise a Speedy Trial Act (Act) violation prior to trial. Rather than specify precisely how the Act was violated, Gallardo merely makes a generalized assertion that the Act was violated because more than 70 day elapsed between when he was indicted and when his trial began.

There was no error by trial counsel for failing to raise a violation under the Act because no violation in fact occurred. According to the record, there were numerous periods of time excluded from the 70-day period. The total amount of time between the indictment and the trial was 570 days. But if the excluded time is removed from the total, the trial commenced in 38 days, well within the 70-day limit. Nor has Gallardo identified any improper basis for any of the delays or that his defense was prejudiced in any way. Accordingly, it was not error for trial counsel not to have objected based on a violation of the Act.

Gallardo next contends that his trial counsel was ineffective for failing to move to suppress evidence obtained via a court-authorized interception of conversations occurring on his cellular telephone. He asserts that the warrant application process was defective because it failed to satisfy Title III requirements including demonstrating the necessity of a wiretap as opposed to alternative and less intrusive means. To succeed on this claim, Gallardo must show that he would have prevailed on the motion to suppress had it been filed. See Gentry, 597 F. 3d at 851.

Under 18 U.S.C. § 2518(1)c, an application for an interception of a wire, oral, or electronic communication must include a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous. United States v. Campos, 541 F. 3d 735, 746 (7th Cir. 2008). This is known as the exhaustion or necessity requirement. Campos, 541 F. 3d at 746. This provision should not be understood as requiring absolute necessity. Campos, 541 F. 3d at 746. It does not require that any other investigative procedure be tried first before an order is issued for the interception of wire communications, or that a wiretap be used as a last resort. Campos, 541 F. 3d at 746. This provision requires only that the success of other investigative methods appears unlikely or too dangerous. Campos, 541 F. 3d at 746. The burden of proving necessity is not great, and the government's compliance with the necessity requirement is reviewed in a practical and common sense fashion. Campos, 541 F. 3d at 746.

Here, the government has submitted its application for the interception of wire communications, the affidavit in support thereof, and the order authorizing the wiretap. The application and affidavit contain both

a detailed basis to conclude that the wiretap would produce relevant evidence and that alternative investigative methods would be inadequate. In light of the sophisticated and clandestine nature of the suspected drug distribution conspiracy, the application and affidavit clearly satisfy the necessity of the wiretap. Thus, any motion to suppress would have been futile, and therefor it was not ineffective for trial counsel to have failed to file such a motion.

Gallardo next maintains that trial counsel was ineffective for failing to object to the lack of an instruction defining reasonable doubt and the absence of a buyer-seller instruction. He also claims trial counsel was ineffective for not objecting to improper money laundering instructions.

The claim of ineffectiveness regarding the lack of an instruction defining reasonable doubt is a non starter. The Seventh Circuit has repeatedly admonished the trial courts not to attempt to define reasonable doubt. United States v. He, 245 F. 3d 954, 959 n. 3 (7th Cir. 2002). Therefore, it was not ineffective for trial counsel to have failed to seek such an instruction.

Gallardo's counsel also was not ineffective for not seeking a buyer-seller instruction be given. A defendant is entitled to an instruction on his theory of defense only if: (1) the proposed instruction is a correct statement of the law; (2) the evidence lends some support to the defendant's theory; (3) the theory of defense is not part of the charge; and (4) the failure to include the instruction would deny the defendant a fair trial. United States v. Johnson, 419 F. 3d 614, 618 (7th Cir. 2005). Proof of a drug distribution conspiracy, as opposed to a simple buyer-seller relationship, includes evidence of a prolonged and actively pursued course of sales, coupled with the defendant's knowledge of and shared stake in the illegal venture. United States v. Askew, 403 F. 3d 496, 502 (7th Cir. 2005). A list of non-dispositive factors considered when assessing whether the alleged co-conspirator's association ripened into a conspiracy includes whether there was a prolonged cooperation between the parties, a level of mutual trust, standardized dealings, sales on credit (fronting), and the quantity of drugs involved. Askew, 403 F. 3d at 502.

In this case, the evidence was overwhelming that Gallardo was a member of the conspiracy as opposed to being in a mere buyer-seller relationship. This evidence demonstrated that Gallardo was not only involved in the conspiracy for an extended period of time but that he played a leadership role. Further, the conspiracy was extensive in its duration, the amount of drugs involved, and the individuals involved. Additionally, there was evidence of fronting of drugs on a regular basis. This extensive evidence of a conspiracy and Gallardo's membership therein precluded any buyer-seller instruction. Therefore, trial counsel was not ineffective for not seeking such an instruction.

Gallardo further claims that trial counsel was ineffective in failing to object to the money laundering instructions. Gallardo, however, does not specify how the given instructions were defective or how he was prejudice thereby. Further, the instructions given mirrored those of the Seventh Circuit pattern instructions and contained the use of the word "should" as opposed to "must." See United States v. Ray, 238 F. 3d 828 (7th Cir. 2001). Accordingly, trial counsel was not ineffective for failing to object to the money laundering instructions as given.

Lastly, Gallardo contends his trial counsel was ineffective for failing to argue that the court's imposition of a four-level enhancement for a leadership role violated the Sixth Amendment. This argument falters because the issue of the four-level enhancement was raised on direct appeal and rejected. See Gallardo, 497 F. 3d at 739-40. Thus, trial counsel's failure to object at trial was of no consequence.

For the foregoing reasons, the court denies the § 2255 motion as to all claims, finds no need for an evidentiary hearing, and dismisses this cause in its entirety.

---

1. Gallardo filed a motion for discovery which the court denied in a written order dated August 20, 2010.